State vs. Green.

---

No. 12,326.

THE STATE OF LOUISIANA VS. JAMES GREEN.

To quash a *venire* on the ground of irregularity in the proceedings of the jury commissioners, in drawing a jury panel, the defendant must make his point clear and certain. It will not do to make it probable merely.

The refusal of a trial judge to grant a new trial on the ground of newly discovered testimony will be sustained when it appears that it was only cumulative.

APPEAL from the Twentieth Judicial District Court for the Parish of Ascension. *Guion, J.*

---

*M. J. Cunningham,* Attorney General, and *G. A. Gondran,* District Attorney, for Plaintiff, Appellee.

*E. N. Pugh*, for Defendant, Appellant.

Submitted on briefs December 5, 1896.
Opinion handed down December 14, 1896.
Rehearing refused January 4, 1897.

The opinion of the court was delivered by

WATKINS, J.  The defendant is charged with murder, was convicted of manslaughter and sentenced to imprisonment at hard labor in the penitentiary for a term of six months; and from the verdict and sentence he prosecutes this appeal, relying upon one bill of exceptions, in which his counsel assigns as error of the trial judge, his refusal to quash the general *venire* on account of alleged irregularities in the manner of drawing the same, and other bills to be found in the transcript.

The motion to quash and set aside the *venire* of jurors is to the effect " that said *venire* was not drawn in accordance with law, and that a trial by (jurors drawn from) said *venire* will be a fraud, and cause your mover herein great and irreparable injury;" and it charges, that the " drawing of said *venire* was illegal and contrary to law on its face (in) that only four members of the (jury) commission were present, and there is nothing to show that the members of said commission were notified in accordance with Sec. 3 of Act 99 of 1896.  That, on its face, the three hundred names required by Sec. 4 of said act were not drawn as required and laid down in said section of the act, which was violated in every respect."

On the trial of this motion, counsel for the defendant introduced and filed in evidence the *proces verbal* of the drawing of the *venire* and the record of the proceedings of the jury commission, and rested.  The District Attorney offered no evidence.  The trial judge, in overruling the motion, assigned no reasons, and none are appended to the bill of exceptions reserved to his ruling by defendant's counsel.

We have extracted from the brief of defendant's counsel and reproduce the *proces verbal* of the jury commission, so as to show clearly the contention upon which defendant's counsel places reliance.

It is as follows, to-wit:

"We transcribe in full the entire record connected with the drawing of this jury.

"*General Venire List.*

"August 19, 1896.

(Here follow three hundred names.)

"STATE OF LOUISIANA, }
"Parish of Ascension. }

"Be it remembered that on this 19th day of August, 1896, we the undersigned jury commissioners of the parish of Ascension, duly appointed by the judge of the Twentieth Judicial District Court, evidence of which appointment being duly entered upon the minutes of said court and duly sworn evidence of which being filed and of record, did meet at the office of the clerk of said court; and Christian Kline, one of the commissioners, in the presence of the other commissioners and two disinterested witnesses, proceeded to draw from the 'general venire box,' one at a time, the number of names of persons required for service at the ensuing term of the Twentieth Judicial District Court for this parish, to be holden on Monday, October 12, 1896. And therefrom fifty names were drawn to compose the grand and petit jurors for the first week of said term of court, to-wit: (Fifty names.)

"And it being the judgment of the jury commissioners that a jury may be required for the second week of said court at said term, thirty additional names, to serve as petit jurors for the second week of said court, were in the same manner and at the same time drawn from said 'general venire box,' and were as follows, to-wit: (Thirty names.)

"And it being the judgment of the jury commissioners that a jury may be required for the third week of said court at said term, thirty additional names, to serve as petit jurors for the third week of said court, were in the same manner and at the same time drawn from said 'general venire box,' and were as follows, to-wit: (Thirty names.)

"And the said commissioners did thereupon place the ballots which were so drawn for each week in separate envelopes, under seal, and endorsed thereon the week for which they were respectively drawn, and the whole being placed in a box provided for that purpose, said box was sealed and placed in the custody of the clerk

of the court for use at the next term of the District Court of this parish.

" In faith whereof we have signed the present *proces verbal* in the presence of one another on the day, month and year first above written.

"(Original signed)                          C. KLINE

                                            C. A. BULLION.

                                            J. E. LANDRY.

                                            JOHN F. LANDRY.

                                            FRED. LANDRY,

                                                           Clerk.

" Witnesses :                               J. F. FERNANDEZ.

                                            J. T. BLOUIN.

" A true copy :

(Seal)                                      FRED. LANDRY,

                                            Clerk of Court."

In order to obtain an accurate idea of the points of objection taken by defendants's council, the statute under which the jury was drawn must be examined and analyzed.

The *third* section provides, that the District Judge of a country district shall select and appoint five discreet citizens, who, with the clerk of the court, who shall be *ex officio* a member thereof, shall constitute a jury commission for each parish within his district.

It further provides that the evidence of such appointments shall be the written order of the judge, which shall be entered upon the minutes of the court.

It further provides that "three members of said commission, together with the clerk of the District Court, shall be a sufficient number to perform the duties imposed by this act, *provided* all the members shall have been duly notified by the clerk of the District Court of the time and place designated by him for the meeting of said commission, which notification shall appear from the certificate of the clerk in case of the absence of any member thereof."

The *fourth* section provides that said commission shall, within thirty days after their appointment, select, according to the provisions thereof, the names of three hundred persons, a list of whom shall be made by the clerk under the supervision of the commission· and supplemented thereafter from time to time as therein directed.

That each of their names shall be written by the clerk on a separate slip of paper, which shall be deposited in a box denominated the general venire box. That within not less than thirty days prior to the meeting of a jury term of court the jury commission shall meet and rectify and revise the aforesaid list and the general venire box. That it shall be the duty of the clerk of court to make a *proces verbal* of the acts of the commission and record same in a book to be provided and kept for that purpose, and that it shall be signed by the clerk, the members of the commission and the witnesses.

The *fifth* section provides that within thirty days of the meeting of a jury term of court the commission shall meet and " draw from the general *venire box*," one at a time, the number of persons required for service at the ensuing term of court, and the first fifty names so drawn shall compose the grand and petit jurors for the first week of the court."

That the " clerk shall keep a record of the drawing with a list of all names in the order they are drawn and showing the weeks for which they have to serve; and, when the drawing and the *proces verbal* is complete, shall deliver a copy of same to the sheriff," etc. (Act. 99 of 1896).

1. Comparing the *proces verbal* which is in evidence with the law it will be seen that there was not only a majority of three of the jury commissioners out of the five appointed, present and participating in the drawing of the jury, but there were four of them present in addition to the clerk of the court.

Counsel's insistence is that the *proces verbal* shows that one of the commissioners was absent, but fails to show that *all* the members of the commission had been duly notified by the clerk of the time and place at which the commission was to assemble. Counsel has misapprehended the direction of the statute in this particular, which says this "notification shall appear from the certificate of the clerk in case of the absence of any member thereof."

*Non constat* that, if the proper source of information had been examined and resorted to, the proof could not have been supplied.

2. With regard to the other part of counsel's argument we deem it a sufficient answer to say that it is the fourth section of the act which directs the manner in which the jury commission shall form and prepare the general *venire* box and the list of three hundred names composing same, and the fifth section indicates the *modus*

*operandi* of drawing a jury from the general *venire* box for service at a term of court.

The proceedings of the commission are entirely distinct. Consequently it will not do to argue that no general *venire* box had been formed at all, because the *proces verbal* of the acts of the jury commissioners in drawing a jury did not go into the details of its formation. But the *proces verbal* does state that the commission " proceeded to draw from the general *venire* box " certain names, and the list of the names of the three hundred persons composing the general *venire* box is annexed to and forms a part of the *proces verbal itself.*

Had that question been explored by proof we feel satisfied that this presumption of the existence of a general *venire* box would have been confirmed. We are of opinion that the motion to quash was properly overruled. State vs. Saintes, 46 An. 547.

With reference to the refusal of the judge to grant a new trial on the ground of newly discovered witnesses we think he conformed to precedents firmly established, as the testimony proffered was cumulative merely. State vs. Jones, 46 An. 545. We ffnd no reviewable error on the record.

Judgment affirmed.