*In re* TUBBS.

Bail—Murder Case—Refusal—Habeas Corpus.

Where the circuit judge, in refusing bail to one accused of murder, apparently finds that the proof is evident and the presumption great that accused is guilty as charged, and the evidence taken before the examining magistrate supports such finding, this court will not interfere by habeas corpus proceedings.

Habeas corpus proceedings by George Tubbs, Levi Tubbs, and Charles Tubbs to obtain their release upon bail from the county jail of Eaton county. Submitted January 3, 1905. (Calendar No. 20,887.) Prisoners remanded February 27, 1905.

*Frank A. Dean* and *Garry C. Fox*, for petitioners.

*Elmer N. Peters*, Prosecuting Attorney (*Lewis J. Dann*, of counsel), for respondent.

Per Curiam. The petitioners were charged in a proper complaint with the commission of the crime of murder in the first degree. An examination was had, and a large amount of testimony was taken. The justice of the peace found that there was probable cause to believe that the

crime was committed and that the petitioners were guilty thereof, and bound them over to the circuit court for trial without bail. The petitioners then petitioned the circuit judge to be admitted to bail. Arguments were had before said judge, the testimony examined by him, and bail refused. The circuit judge must have based his refusal of bail upon a finding that the proof was evident and the presumption great that the petitioners were guilty of the crime of murder. Not satisfied with the ruling of the circuit judge, the petitioners now bring their case before this court by the writ of habeas corpus, thus virtually asking a review and a reversal of the conclusion reached by the circuit judge.

The courts of several States hold that the appellate court will not interfere with the decision of the circuit court, except where the discretion to admit to bail has been exercised in an arbitrary, unjust, or oppressive manner, or where the refusal is manifestly erroneous. 5 Cyc. 90, note 72. See, also, *Hull* v. *Wayne Circuit Judge,* 87 Mich. 497. In refusing bail, the circuit judge said that he did not deem it advisable to state at length the reasons for his denial; that the case might soon be tried, and any reason given might be misunderstood or misconstrued and result in harm. He thereupon entered an order denying the application. We think there was sufficient evidence in the testimony taken before the examining magistrate and submitted to the circuit judge to justify his finding. We do not think it a case where this court should interfere.

The prisoners will be remanded, and the application for bail denied.