THE STATE OF IOWA, Appellee, v. S. P. BAKER, Appellant.

Criminal law: ADULTERY: CIRCUMSTANTIAL EVIDENCE. The offense of adultery may be shown by circumstantial evidence.

Same: CONTINUANCE: DISCRETION: REVIEW OF RULING. The question of granting a continuance is largely a matter of discretion; and where the evidence in support of and in resistence to a motion for continuance, based on the alleged sickness of defendant, is so conflicting as to present a question of fact, as in the present case, the finding of the trial court will not be disturbed on appeal.

Same: BAIL: ORDERING ACCUSED INTO CUSTODY: EFFECT OF ORDER: REVIEW. Upon the appearance for trial of an accused who has given bail the court may order him into the custody of the sheriff without making of record its reasons for so doing; and it will be assumed on appeal that the order was made in good faith and not in violation of the constitutional guaranty of the right to bail; and any error in so remanding the defendant to the custody of the sheriff will not affect the trial or vitiate the ver-

dict, and will not be considered on appeal from a conviction of guilty.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, APRIL 5, 1910.

THE defendant, being indicted and convicted upon a charge of adultery, appeals.—*Affirmed.*

*George W. Adams* and *E. R. Acres,* for appellant.

*H. W. Byers,* Attorney-General, and *Chas. W. Lyon,* Assistant Attorney-General, for the State.

WEAVER, J.—The indictment herein was returned November 19, 1908, and on the same day defendant was arrested and released upon the giving of an appearance bond. On February 3, 1909, the cause being about to be reached for trial, he filed a motion for continuance on the ground of illness and consequent inability to attend court, which motion was supported by his own affidavit and the affidavits or certificates of two physicians. The county attorney objected to a continuance, alleging that the claim of sickness was a sham and fraud, and asked the court to appoint three physicians to visit and examine the defendant and report upon his condition. The physicians supporting the motion were called in and examined under oath. On the following day three physicians under direction of the court examined the defendant at his home, and testified to their opinion that he could attend the trial without serious injury or risk to his health. The motion for continuance was thereupon overruled. On appearing for trial, the court without having forfeited the appearance bond or demanding other or in-

creased bail ordered defendant into the custody of the sheriff. The trial resulted. in a verdict of guilty as charged. A motion for a new trial grounded on the insufficiency of the evidence and the alleged error of the court in overruling the motion for a continuance and in ordering the defendant into the custody of the sheriff before verdict and judgment was filed and overruled.

I. Counsel lay but little stress upon the objection to the sufficiency of the evidence. Indeed there is hardly room for argument on that proposition. While the testimony is largely of a circumstantial character, it nevertheless had a clear and direct tendency to establish the defendant's guilt, and is substantially the same showing on which the conviction of defendant's alleged paramour has already been affirmed by this court. It is only in rare instances that the charge of adultery can be proven by evidence more direct or convincing than was shown in this case, and, if those guilty of the offense were to be held immune from punishment until convicted upon direct and positive evidence of eye-witnesses of the act, the statute against it might as well be repealed. The verdict has sufficient support in the record.

1. CRIMINAL LAW: adultery: circumstantial evidence.

II. The chief complaint of the appellant is that, by reason of being forced to trial when sick and unable to give due care and attention to his defense, he was denied the opportunity of a fair trial, and that the prejudice thus resulting to him was aggravated by the order of the court remanding him to the custody of the sheriff. The record upon these matters is somewhat unusual. If the testimony of three of the physicians and of the defendant and his counsel and members of his family were to be alone regarded, we should be compelled to say that defendant did not have a fair trial and to remand the case for another hearing; but, according to the showing by three

2. SAME: continuance: discretion: review of ruling.

other physicians and by numerous neighbors and bystand-
ers and by the statement of the presiding judge incorpo-
rated in the record, defendant was suffering from nothing
more serious than a temporary nervousness and quickened
heart action, caused by being brought to the bar of the
court on a charge of crime. The most which can be said
is that the issue upon the alleged ground for a continuance
was one of fact, and the finding of the trial court thereon
can not be interfered with or overruled by us. Such ruling
is peculiarly within the discretion of the trial court.

Moreover, this court has not the advantage of ob-
serving the personal appearance and demeanor of the de-
fendant himself, the tone and manner of the witnesses
testifying, and all the other sidelights and collateral cir-
cumstances cropping out in the history of the proceeding,
which are apparent to the trial court, but only imper-
fectly reflected in the written record, and it is proper
that we refrain from holding erroneous the denial of a
continuance asked on such grounds except where the rec-
ord shows a clear case of abuse of discretion. There is
no such showing in the record here presented.

Nor do we find any reversible error in the order re-
manding the defendant to the custody of the sheriff. Gen-
erally speaking, the indicted person who has given an
acceptable appearance bond, and is present
in court whenever called for any proper pur-
pose connected with the case against him,
is entitled to be free from the custody of
the sheriff until judgment is entered against him on the
verdict of the jury. But it is provided by statute (Code,
section 5396) that, where a defendant who is on bail has
appeared for trial, the court may in its discretion order
him committed to the custody of the sheriff to abide the
judgment or further order of the court. There is no re-
quirement that any record shall be made of the causes or
reasons moving the court to the exercise of this discre-

3. SAME: bail:
ordering
accused into
custody:
effect of
order: review.

tionary power, and, in the absence of a showing to the contrary, we are bound to assume that the order was entered in good faith and upon reasonable grounds. Such authority is not in our judgment in any manner inconsistent with the constitutional guaranty of the right to bail, but is a proper means by which the court before which a criminal case is brought to trial may insure its orderly procedure and prevent a failure of justice. It is not hard to discover between the lines of the record evidence that for some reason the learned trial court believed the defendant's sickness was feigned or exaggerated for the purpose of avoiding trial, and that, unless placed in the custody of the officer, there was danger that his ulterior purpose might be accomplished. It is not for us to decide whether that belief was well grounded. It is enough that it was entertained and the countershowing is not so strong that we may say as a matter of law it was groundless. We may also add that, even if the order remanding the defendant into custody was in excess of authority, we do not see how the error can be said to affect the trial or vitiate the verdict of the jury. In a large proportion of our criminal cases, the defendant is never out of custody from the time of indictment until the trial is complete, but the fact of such restraint or even the wrongful denial of bail has never we think been held to prejudicially affect the rights of a person on his trial which is conducted according to the ordinary methods of criminal procedure. There are methods by which a denial of right to bail may be remedied, but it is not by exception to or appeal from the judgment entered upon the verdict of a jury on the merits of the charge against the defendant.

Other alleged errors are assigned, but none are argued by counsel, and we are not required to give them further attention. But, to avoid the possibility that injustice might be inadvertently done, we have examined the

record on each point suggested in assignments of error, and find nothing to recall for a reversal.

It follows that the judgment of the district court must be, and it is, *affirmed.*