PEOPLE *v*. MERHIGE.

1. JURY—WOMEN AS JURORS.
   Women having the proper qualifications are entitled to
   act as jurors.

2. SAME—QUALIFICATIONS FOR THE LEGISLATURE.
   The qualifications of jurors are matters of legislative con-
   trol.

3. SAME—CHALLENGE TO ARRAY—BURDEN OF PROOF.
   In a prosecution for robbery, where defendant challenged
   the array, the burden of proof was on him to show the
   invalidity of the proceedings by which the jury was ob-
   tained.

4. SAME—PROOF OF INVALIDITY MUST BE CLEAR.
   The invalidity of the proceedings must be clearly estab-
   lished; a showing of probability of invalidity or irregu-
   larity being insufficient.

5. SAME—PROOF MAY BE ORAL OR BY AFFIDAVIT.
   The proof in support of the challenge to the array may
   be oral or by affidavits, the latter being the better practice,
   but, in the absence of statute, the court may direct in
   which form the evidence shall be produced.

6. SAME—ANSWER TO CHALLENGE REQUIRED TO CONTEST ITS
   TRUTH.
   If the truth of the challenge to the array is to be con-
   tested, good practice would require an answer or replica-
   tion or denial in writing.

7. SAME—FAILURE OF JURY COMMISSIONERS TO INCLUDE WOMEN
   JURORS—OVERRULING CHALLENGE TO ARRAY—ARBITRARY ACTION.
   Where it was not clearly established that the failure of
   the Kent county board of jury commissioners to include
   the names of women in the jury lists for the superior
   court of Grand Rapids was arbitrary and intentional, the
   action of the trial judge in overruling the challenge to
   the array for said cause was not reversible error.

On constitutionality of statute entitling women to serve as
jurors, see note in L. R. A. 1918E, 773.
   On the question as to whether conferring right of suffrage
upon women is qualifying them as jurors, see note in 12 A. L.
R. 525.
   As to eligibility of women to serve on grand jury, see note
in 4 A. L. R. 152.

8. CRIMINAL LAW—TRIAL—ORDERING DEFENDANT INTO CUSTODY—GOOD FAITH PRESUMED.

Where the trial judge, during the trial, ordered defendant charged with robbery into custody, stating in the absence of the jury that, because of some things that had come to his attention, he deemed the bail bond inadequate, said order. must, upon the record, be assumed to have been made in good faith, on sufficient grounds, and warranted.

9. JURY—OVERRULING CHALLENGE FOR CAUSE.

The overruling of defendant's challenges for cause against certain jurors, *held*, not prejudicial error.

10. TRIAL—INSTRUCTIONS.

The charge of the court to the jury, taken as a whole, *held*, to fairly submit the case to the jury.

11. SAME—CHANGE OF VENUE—CONTINUANCE.

Denial of motions for change of venue and for continuance, *held*, not to amount to abuse of discretion.

Error to superior court of Grand Rapids; Brown (William B.), J., presiding. Submitted April 13, 1922. (Docket No. 115.) Decided June 5, 1922.

Jad Merhige was convicted of robbery, and sentenced to imprisonment for life in the State prison at Marquette. Affirmed.

*Fred A. Maynard,* for appellant.

*Cornelius Hoffius,* Prosecuting Attorney (*Fred P. Geib,* of counsel), for the people.

CLARK, J. For a statement of facts see former opinion, *People* v. *Merhige,* 212 Mich. 601. Other necessary facts will be stated later in this opinion. Defendant has been convicted of robbery. He, on error, contends:

1. That a challenge to the array should have been sustained because the board of jury commissioners of the county returned no women to serve as jurors in the superior court of Grand Rapids. Women having

requisite qualifications are entitled to act as jurors. And the qualifications of jurors are matters of legislative control. *People* v. *Barltz,* 212 Mich. 580. Act No. 505, Local Acts 1903, amended by Act No. 347, Local Acts 1905, created for Kent county a board of jury commissioners of five members, all to be appointed annually by the governor. The clerk of the county was made clerk of the board and was required to keep a record of the proceedings. Division of the county into jury districts and returns from such districts by individual members of the board to the board of names of persons for service as jurors are provided by the act. The board, once in each year, selects from such lists for the courts of the county lists of jurors. Certain records are required to be kept. The act enumerates requisite qualifications of jurors, relating to character, health, education, etc., and subject thereto the selection of jurors is left to the judgment and discretion of the board.

The challenge was in writing, as required. *Ryder* v. *People,* 38 Mich. 269. It was verified. We discover in the record no answer or denial thereto. The burden of proof was on the defendant to show the invalidity of the proceedings by which the jury was obtained. *People* v. *Coughlin,* 67 Mich. 466. And it must be clearly established. It is not sufficient to show merely the probability of the invalidity or irregularity. *State* v. *Green,* 49 La. Ann. 60 (21 South. 124). The proof in support of the challenge may be oral or by affidavits. The latter is the better practice. 24 Cyc. p. 332. But in the absence of statute the court may direct in which form the evidence shall be produced. *Eberts* v. *Mt. Clemens Sugar Co.,* 182 Mich. 449; *State* v. *Linde,* 54 Iowa, 139 (6 N. W. 168).

It is said in 24 Cyc. p. 333:

"A demurrer or exception to the challenge ad-

219—Mich.—7.

mits the facts alleged, and the court passes upon its sufficiency, assuming the facts alleged to be true. If, however, the challenge be denied the court proceeds to try the truth of the facts alleged; but if denied and no evidence is introduced in support of the challenge it is properly overruled, and if the challenge presents no legal ground of objection to the jury, it may be summarily overruled without any replication thereto being filed."

If the truth of the challenge is to be contested, good practice would require an answer or replication or denial in writing. In *People* v. *Coffman*, 59 Mich. 1, and in *People* v. *Coughlin, supra*, a demurrer was filed, and in *People* v. *McArron*, 121 Mich. 1, an answer.

Disregarding that part of the challenge stated on information and belief and giving the remainder full force, it appears that jury lists for the superior court for 1920 and 1921 contained the names of no women, while the lists for other courts of the county did contain such names. To support the challenge, defendant had testimony from the clerk of the superior court, that, without authority, after the adoption of the suffrage amendment to the State Constitution in November, 1920, he suggested to certain of the board that no women be returned as jurors for that court, because of lack of suitable accommodations. If there was reply or answer to such suggestion it is not shown. The clerk of the board was called to the stand, asked certain improper questions to which objections were sustained and the matter was dropped, counsel stating that no further evidence would be offered. The records of the board were neither sought nor offered. No member of the board was called. The clerk was not asked to testify in respect to records and proceedings of the board.

Probably the omitting of women from such jury lists was arbitrary and intentional. But the persons returned as jurors were lawful and qualified. That

the action of the board was arbitrary must be clearly established and beyond mere probabilities.

A similar case is *People* v. *Coughlin, supra.* Chippewa county was composed of eight townships. In drawing 35 jurors, the officers omitted two of the townships, one, Sugar Island, the scene of the crime. Probably there, as it is probable in the case at bar, the omission was intentional. But it was held:

"If it anywhere appeared that the officers who drew the jury had arbitrarily left out the townships from which jurors were not drawn, it would have been a good cause for quashing the array. But it does not so appear. The burden of proof was on the respondent to show the invalidity of the proceedings by which the jury was obtained. In the absence of a showing to the contrary, it must be presumed that these officers faithfully and correctly performed their duty in the premises."

That the action of the board complained of was arbitrary or intentional is not so clearly established as to justify us in holding that overruling the challenge was reversible error. See 3 Comp. Laws 1915, § 12597.

2. That the court erred in ordering the defendant, who had been admitted to bail, into custody during the progress of the trial. When the trial had continued from February 17th to Saturday, March 5th, the defendant having been at liberty under bail of $12,000, with good and sufficient sureties, the court, not in the presence of the jury, ordered him into the custody of the sheriff, saying:

"In this case I have been looking into the proceedings here; I have been looking at the bond in this case, and my own judgment is that the bond is entirely inadequate. There is a responsibility on the court to be more or less responsible for the sufficiency of a certain part of the proceedings, and one responsibility on the court is to be sure the respondent will be here. I am entirely satisfied that under the circumstances as

they now stand, and some things that have come to my attention, I am satisfied that the present bond is entirely inadequate for the purposes of this case at this stage of the proceedings. This is Saturday noon; we adjourn over now until next Monday. This case is nearly over; it is an important case, and I want to be satisfied and sure that the respondent will be here Monday morning, and in my judgment the bond in this case, a bond of $12,000, is entirely insufficient to guarantee the attendance of the respondent. So the court now orders that respondent be placed in the custody of the officers, to be held in custody until a more sufficient bond shall be given. Take charge of the respondent."

And the court also said: "I fix the bond at this time at $30,000."

Affidavits of jurors attached to the motion for a new trial state that it was known to jurors that the bail had been increased and that thereafter defendant was accompanied by an officer.

*State* v. *Hyde*, 234 Mo. 200 (136 S. W. 316, Ann. Cas. 1912D, 191), is an important case upon this question. There the charge was murder. On the 16th day of the trial, the judge ordered defendant who had been on bail into custody, saying:

"In view of the testimony that has been thus far given in this trial, the court is constrained to say that it amounts to a presumption that under the law deprives the defendant of the right to go on bond, and he is hereby and for that reason remanded to the custody of the marshal."

We quote from the opinion:

"The defendant in this case does not contend that the court had no power to order him into custody while the trial was in progress. The contention is that, under the circumstances, the order was an abuse of discretion, and prejudicial to the interests of the defendant.

"It must be conceded that, under some circumstances, it might become the duty of the court to order

the defendant into actual custody.    If, for instance, it should clearly appear to the court that the defendant intended immediate flight.    Furthermore, if such order is made, it must be assumed, in the absence of a contrary showing, that the court acted in good faith and upon sufficient grounds.    In this case, however, the court stated its reasons for the order, and we must determine whether they are sufficient to justify this very unusual proceeding.    It is not uncommon to order the defendant into custody at the beginning of the trial.    In some States this course is authorized by statute.    The case of *People* v. *Williams,* 59 Cal. 676, involves such a statute; also the case of *State* v. *Baker,* 146 Iowa, 612 (125 N. W. 659) ; yet in this latter case, the exercise of the power was held to be discretionary, and was justified because it appeared that the court had grounds to believe that the defendant was feigning sickness, and designed to avoid a trial altogether.    In the case of *Hull* v. *Wayne Circuit Judge,* 87 Mich. 497, cited by the State, the defendant was ordered into custody, as here, while the trial was in   progress.    No  reason  is  given.    The  Supreme Court refused to mandamus the trial court to take bail.    There is no opinion filed.    Evidently the preliminary writ was refused.    There may have been a showing of good cause for the order by the trial court, or the Supreme Court may have assumed, in the absence  of  a  showing,  that  the  trial  court  had  good cause."

The order was held to be improper as based upon the reason that the evidence introduced raised a strong presumption of guilt.    Had the reason been that there were indications that defendant was seeking to escape, the holding might have been otherwise.

It is said in 3 R. C. L. p. 15:

"Where a defendant has been at large on bail the court has, as a general rule, in the absence of constitutional or statutory provisions to the contrary, the right in its discretion to order him into custody during the trial of the case, it being a power inherent in the court to assure itself of the presence of the accused during trial.    *    *    *    It is not necessary

for the court in exercising its discretionary power to remand during trial, to file any reasons for such action, and if such an order is made it must be assumed in the absence of a contrary showing that the court acted in good faith and upon sufficient grounds."

See, also, 25 Ann. Cas. 211.

In *Hull* v. *Wayne Circuit Judge*, 87 Mich. 497, in which no opinion was filed, an examination of the original petition for mandamus shows that defendant, charged with murder, was admitted to bail following the reversal of a conviction, that at the beginning of the second trial the circuit judge ordered him into custody, refused an application for bail, stating "that defendant ought to be in custody while the trial is going on." Mandamus to compel admitting to bail was denied.

In the case at bar, the court was apprehensive because of some things that had come to his attention, and he was of the opinion that if defendant's presence at the trial was to be continued action was necessary. The court said: "I want to be satisfied and sure that he will be here Monday morning." Upon this record we must assume that the court's order was made in good faith and on sufficient grounds. A more detailed statement of such grounds might have resulted in harm. See *In re Tubbs*, 139 Mich. 102. Since the court's action must be held to have been warranted, its probable effect on the jury will not be considered.

3. That defendant was denied a fair and impartial jury. Defendant exhausted his peremptory challenges, some of which were used against jurors whom defendant challenged for cause, the challenges being overruled. See *Theisen* v. *Johns*, 72 Mich. 285. The statements and examination of these jurors on the *voir dire* are quite similar to those set forth in *People* v. *Quimby*, 134 Mich. 625, and in *People* v. *Garner*, 216 Mich. 178. And see *People* v. *Mol*, 137 Mich. 692

(68 L. R. A. 871, 4 Ann. Cas. 960) ; *People* v. *Barker,* 60 Mich. 277 (1 Am. St. Rep. 501). The ruling was not prejudicial error.

4. That there was error in the charge. Defendant owned and drove a taxicab in Detroit. While at a cab stand, another driver offered passengers. Defendant while driving them to Grand Rapids learned that they were armed bandits. The party including defendant stayed in a vacant farm house near that city over night, obtained food from a neighboring village, drove about the city the next day, and became familiar with the locality of a bank which one of their number entered to obtain change. Some of the party spent the following night at the farm house, others in the city. They again assembled and made further observations of the objective bank. Defendant repaired and tested his car. He left the bandits near the bank and drove about a portion of the city alone just before the robbery. He waited in the car in the street while the bandits robbed the bank and while a murder was committed. He drove them away. On at least two other occasions before the robbery he was separated from the bandits and might have driven away in his car. His defense was that his part in the crime was due to coercion and threats by the bandits, fear of death or great bodily harm. See former opinion, 212 Mich. at page 610.

His counsel stated to the jury in argument:

"The single question there is in this case for you to decide is this: Did this defendant willingly and voluntarily aid and assist in the robbing of that bank?"

Defendant also claimed that the day before the robbery he had reason to believe and did believe that the bandits had abandoned the plan to rob the bank and that his subsequent conduct was based upon that belief. Requests to charge were preferred respecting

this claim, and it is said the court erred in not giving them. Defendant's acts and conduct as related by him so fully belie this latter claim that it was not entitled to serious consideration. But we think the charge, taken as a whole, in view of the statement of counsel, and under the rule of law announced in the former opinion, fairly submitted the case to the jury.

5. That it was error to deny a motion to change the venue and a motion for a continuance. Careful reading of the record and consideration of the questions satisfy us that the court did not abuse its discretion in the denial of the motions.

No other question merits discussion.

Judgment affirmed.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.